IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,        ORDER

  v.

                    96-CR-02-C-01

ERIC A. NEWMAN,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the revocation of Eric A. Newman's supervised release was held in this case on November 20, 2007, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney John W. Vaudreuil. Defendant was present in person and by counsel, Michael Lieberman. Also present was Senior United States Probation Officer Helen Healy Raatz.

From the record, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on May 16, 1996, following his conviction for bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and use of a sawed-off shotgun during a crime of violence in violation of 18 U.S.C. § 924(c)(1);

1

these are Class B and D felonies respectively. On count 1, defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 30 months. On count 2, he was sentenced to a term of 120 months to be served consecutively to count 1. A five-year term of supervised release was to follow.

As a statutory condition of supervised release, defendant was prohibited from committing another federal, state or local crime.

Defendant began his term of supervised release on March 5, 2007. On August 22, 2007, he led law enforcement officers on a high speed chase through Eau Claire, Chippewa and Taylor counties at speeds exceeding 100 miles an hour. On August 23, 2007, defendant turned himself into law enforcement officials to face new charges stemming from the chase.

On August 23, 2007, a petition for warrant or summons was submitted in response to defendant's conduct. On the same day, I ordered that a warrant be issued for defendant's arrest.

On October 29, 2007, defendant was convicted in the Circuit Court for Eau Claire County on charges of vehicle operator flee/elude officer and was sentenced to a 36-month term of probation.

Defendant has stipulated that he violated Standard Condition No. 1 which prohibits him from committing another federal, state or local crime. I find that defendant's conduct falls into the category of Grade B violations, as defined by §7B1.1(a)(2) of the sentencing

guidelines policy statement for violations of supervised release. In addressing such violations, USSG §7B1.3(a)(1) directs the court to revoke supervised release.

## CONCLUSIONS

Defendant's violations require revocation. Accordingly, the five-year term of supervised release imposed on defendant on May 16, 1996, will be revoked.

Defendant's original criminal history category was I with a Grade B violation and a criminal history category of I, he has a guideline range of 4 to 10 months' imprisonment. The statutory maximum to which defendant can be sentenced upon revocation is 36 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than three years if the offense for which he was sentenced previously was a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the sentencing guidelines, I have selected a sentence within the guideline range. The intent of this sentence is to impress upon defendant the seriousness of his continuing criminal activity and to ensure the safety of the community at large.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on May 16, 1996, is REVOKED and defendant is committed to the custody of the Bureau of

Prisons for a term of five months. A four-year term of supervised release shall follow the sentence of imprisonment. All previous conditions of supervised release are reimposed and the following special conditions are ordered:

No. 7: The defendant shall abstain from the use of alcohol and other intoxicants and not frequent establishments whose primary business is the sale of alcoholic beverages.

Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration. Execution of this sentence will begin immediately.

Entered this 20th day of November 2007.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>Chief District Judge